RED MINERAL SPRINGS DEVELOPMENT CO. v. DAVIS.

(Court of Civil Appeals of Texas. Texarkana. Feb. 12, 1914.)

1. TRIAL (§ 251*)—INSTRUCTIONS—PAYMENT.

In an action for services rendered to a corporation, defendant not having pleaded payment except as embraced in a plea of settlement, the court charged that, if the jury believed that plaintiff contracted with defendant's manager for the rendition of plaintiff's services to defendant at the rate of $75 per month, then, in ascertaining what, if anything, was due plaintiff, the jury should allow him $75 per month for such time as the evidence showed he worked under and by virtue of the contract, unless plaintiff and defendant had a settlement of all matters and things between them September 1, 1909, in which case the jury should not take into consideration anything that occurred between plaintiff and defendant prior to that date, but that the burden was on defendant to show such settlement. *Held*, that the instruction was not objectionable for failure to charge that, if defendant had paid plaintiff for all the services rendered under the first contract, he could not recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. CORPORATIONS (§ 400*)—EMPLOYMENT OF MANAGER — AUTHORITY — TERMINATION OF AUTHORITY—NOTICE.

Where a corporation employed a manager to take charge of its business, and he employed plaintiff to perform certain services, and the manager, after the termination of his authority, was permitted to continue in charge of the property as lessee, the corporation was bound to notify plaintiff of the change in the manager's capacity in order to prevent liability on a further contract of employment between plaintiff and the former manager.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1587, 1590, 1591; Dec. Dig. § 400.*]

Appeal from Titus County Court; Sam Porter, Judge.

Action by James A. Davis against the Red Mineral Springs Development Company.

Judgment for plaintiff, and defendant appeals. Affirmed.

Rolston & Rolston and Ward & Ward, all of Mt. Pleasant, for appellant. S. P. Pounders, of Mt. Pleasant, for appellee.

HODGES, J. This suit was instituted in the court below by the appellee against the appellant to recover the sum of $482.75, claimed to be due as wages upon certain contracts of employment. The petition sets out three separate and distinct contracts under which it is claimed services were rendered to the appellant. It is alleged that on the 18th day of March, 1909, the appellee entered into a contract with W. C. Wolfe, who was at the time the manager of the appellant's hotel property at Red Mineral Springs in Titus county; that by virtue of the terms of that contract appellee was to receive $75 per month; that he performed services under that contract until the 15th day of October, 1909, earning in the aggregate $525; that on the 15th day of October, 1909, he made a second contract with W. C. Wolfe, as the manager of the appellant's property, by virtue of which he was to work till the 1st day of March, 1910, 4½ months, and was to receive the sum of $40 per month and house rent, amounting in the aggregate to $180; that on the 30th of April, 1910, he made and entered into a third contract with W. H. Florey, as appellant's manager of said property, by the terms of which he was employed for a period of 5 months at the sum of $60 per month. It was also stipulated in this last-mentioned contract that appellee was to receive the sum of 25 cents per hour for all overtime he was employed. It is further alleged that the service performed was in operating, superintending, and managing the water and light plants and the pumps used in and about the property of the appellant. It is alleged that under the last-mentioned contract he earned in working overtime the sum of $41.75. The aggregate amount earned under all of the contracts is placed at $1,049. The petition admits that appellee had received payment in the various items set out the sum of $354.50, leaving the balance previously stated as the amount still due.

The appellant answered by a general denial, and specially pleaded substantially as follows: It is admitted that prior to the 1st day of May, 1909, W. C. Wolfe was the appellant's manager in charge of the properties at Mt. Pleasant, but is alleged that on the above-mentioned date he was discharged as such manager, and the property was thereafter exclusively under the control of the directors. It is admitted that Davis worked for the appellant company in 1909, under the first contract referred to in the petition, until the 1st day of September; but it is alleged that the defendant and the plaintiff had a settlement, "and it was agreed and stipulat-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ed by and between the plaintiff and the defendant on the 1st day of September, 1909, that the defendant owed the plaintiff the sum of $248.60, less the following credits, which were paid by the defendant to the plaintiff, as follows." Then follows a list of credits and payments, amounting in the aggregate to $248.95. Continuing, the answer charges that "the plaintiff is now estopped by that settlement to claim any further amounts against the defendant for any services rendered prior to that date." It is also alleged that on the 1st day of September the plaintiff was informed by the defendant that his services would no longer be needed by the company, and that it would not be responsible for his services through the winter season of 1909–10, that he would have to look to W. C. Wolfe for any further pay for services rendered after the 1st day of September, and that it was then understood and agreed between the parties that, if plaintiff worked on the premises for Wolfe, the latter would be responsible for his wages.

As to the third contract, it is alleged that on or about the 1st of May, 1910, the defendant company resumed the possession of the property, and employed the plaintiff for an indefinite period of time to run the dynamo, gasoline engine, and pumping plant, at a stipulated salary of $60 per month, that the plaintiff worked under that contract from the 1st day of May until the 17th day of July, 1910, 2 months and 17 days, and that at the end of that time by mutual agreement their contract relations were terminated. It is also alleged that plaintiff performed during that time, in overtime, services amounting to about $5. For all of the services under this last-mentioned contract, it is alleged that plaintiff was paid in full.

A verdict was rendered in favor of the appellee in the court below for $180.

In the first two assignments of error complaint is made at the admission of certain testimony. In this we think there was no error.

The second and fourth assignments of error complain of the following paragraphs of the court's charge:

"If you believe from the evidence in this case that on the 18th day of March, 1909, that the plaintiff made and entered into a contract with W. C. Wolfe, as manager of the defendant corporation, and that the said Wolfe was at that time manager of the said company, and that by the terms of the said contract the said Wolfe contracted and agreed to pay the plaintiff the sum of $75 per month for his services, then, in estimating and ascertaining what, if anything, is due this plaintiff, you will allow him the sum of $75 per month for such time as you may find from the evidence he worked under and by virtue of the said contract, unless you find from the evidence that the plaintiff and the defendant company had a settlement of all matters and things between them on the 1st day of September, 1909, about which you are instructed in a following paragraph of this charge.

"If, from the evidence in this case, you believe and find that on the 1st day of September, 1909, the plaintiff and the defendant had a full and complete settlement and adjustment of all matters and accounts between them prior to the said 1st day of September, 1909, then and in that case you will not take into consideration anything that occurred between the plaintiff and the defendant before and prior to the 1st day of September, 1909; but in this connection you are instructed that the burden is upon the company to show the said settlement by a preponderance of the testimony."

[1, 2] The error pointed out in the first paragraph of this charge was the failure to therein tell the jury to find for defendant, if they found from the evidence that defendant had paid the plaintiff for all of the services rendered by him under the first contract. The objection to the second paragraph is that it is not applicable to the evidence in omitting the defense of payment. It may be that this charge did not submit the defense of payment as fully as a portion of the evidence warranted. But it submitted the very defense that was pleaded, and in the manner pleaded. There was no plea of payment except as embraced in the averments concerning the settlement. The evidence also shows very conclusively that the appellee was paid in full for his services under the first contract till September 1, 1909, and that he was paid in full for all services rendered under the third contract, unless it be a small balance for overtime. We think it clear that the verdict for $180 must be based upon a finding in favor of the appellee upon the second contract alone, and that the jury found in favor of the appellant both as to the first and third contracts. Liability upon the second contract depended upon whether or not the appellant was estopped to deny the authority of Wolfe to bind it by such a contract at that time. That portion of the charge relating to that issue which is assigned as error is not subject to the objection urged. The evidence shows that Wolfe had been in charge of the appellant's business, and had authority to bind it by contracts such as that alleged. When that authority was terminated, and Wolfe allowed to continue in charge of the property as a lessee, the appellant owed it to those who had been dealing with Wolfe as its agent to give notice in some way of the change in its business relations. It was an issue of fact as to whether or not that had been done in this instance, and the jury found in favor of the appellee.

The remaining assignments are overruled, and the judgment is affirmed.