THE STATE ex rel. EMIL ROTHENHEBER v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

Division Two, March 20, 1925.

1. **INSTRUCTION: Malice: Definition: Just Cause.** The intentional doing of a wrongful act is necessarily an act done without just cause or excuse. Therefore the Court of Appeals in holding that an instruction telling the jury that "by the term 'malice' is not meant spite or ill-will, but the knowingly or intentionally doing of a wrongful act," was error, in that it omitted the words "without just cause or excuse," contravened the decision in State v. Weiners, 66 Mo. l. c. 20, and many other previous decisions of this court.

2. **——: Measure of Damages: Non-direction.** Non-direction is not misdirection. Failure by plaintiff to incorporate in his instruction on the measure of damages certain matters which the jury may reasonably consider is not error. Therefore, the Court of Appeals in holding that an instruction telling the jury that "if you find for plaintiff you will assess his actual damages at such sum as you find and believe from the evidence he has been damaged by

reason of the wrongful acts of the defendants" was error, in that it "did not tell the jury that the measure of damages for the property taken is the reasonable market value of the property, and did not tell them that the measure of damages for the loss of profits was the reasonable value of the profits lost," contravened the decision of this court in Powell v. Railroad, 255 Mo. 420, and in State ex rel. v. Reynolds, 257 Mo. 19, and other decisions of this court.

Citations to Headnotes: 1, **Trover and Conversion,** 38 Cyc. 2107; 2, **Trial,** 38 Cyc. 1693.

## *Certiorari.*

JUDGMENT QUASHED.

*Frank C. O'Malley* for relator.

(1) Plaintiff's instruction defining "malice" contains every element of that term, since legal malice implies no more than a wrong willfully done—that is, intentionally. Minter v. Bradstreet Co., 174 Mo. 444, 496; McNamara v. Transit Co., 182 Mo. 676; State v. Weiners, 66 Mo. 13; Callahan v. Caffarata, 39 Mo. 136. (2) In the absence of a qualifying request from defendant, a general instruction on the measure of damages amounts to no more than non-direction, and is sufficient. Reynolds v. Davis, 260 S. W. 998; Powell v. Railroad, 255 Mo. 420; State ex rel. United Railways Co. v. Reynolds, 257 Mo. 19; Hoover v. Electric Ry. Co., 227 S. W. 77; Norris v. Railroad, 239 Mo. 695; Burtch v. Wabash, 236 S. W. 338; Mahaney v. Railroad, 254 S. W. 16; Smith v. Fordyce, 190 Mo. 1; Sang v. St. Louis, 262 Mo. 454; Browning v. Railroad, 124 Mo. 55; Minter v. Bradstreet Co., 174 Mo. 444; Waddell v. Railroad, 213 Mo. 8; King v. St. Louis, 250 Mo. 501.

*Charles E. Morrow, Judson, Green & Henry* and *N. Murry Edwards* for respondents.

(1) The opinion of the Court of Appeals in condemning plaintiff's instruction defining legal malice, does

not fail to follow the rule announced in the decisions of this court, but, to the contrary, follows them. McNamara v. Transit Co., 182 Mo. 676; Goetz v. Ambs, 27 Mo. 28; McKeon v. Railroad, 42 Mo. 87; Franz v. Hilterbrand, 45 Mo. 123; Buckley v. Knapp, 48 Mo. 161; State v. Jungling, 116 Mo. 165. (2) The opinion in holding plaintiff's instruction on the measure of damages erroneous is in consonance with the decisions of this court, and does not conflict therewith. Badgley v. St. Louis, 149 Mo. 122, 134; Haysler v. Owen, 61 Mo. 270; Spencer v. Vance, 57 Mo. 427, 430; Carter v. Feland, 17 Mo. 383; Polk v. Allen, 19 Mo. 467.

HIGBEE, C.—Emil Rothenheber recovered judgment against Pulitzer Publishing Company and others for actual and punitive damages for the conversion of personal property and the interruption of his business. The St. Louis Court of Appeals reversed the judgment for error in giving two instructions. [Rothenheber v. Pulitzer Pub. Co., 262 S. W. 48.] The first of these instructions reads:

"The court instructs the jury that by the term 'malice,' as used in these instructions, is not meant spite or ill will, but the knowingly or intentionally doing of a wrongful act."

The second, omitting the portion referring to punitive damages, reads:

"The court instructs the jury that if you find for the plaintiff you will assess his actual damages at such sum as you find and believe from the evidence he has been damaged by reason of the wrongful acts of the defendants, if any, not exceeding the sum of $4,000 as actual damages."

I.   The learned opinion holds that the first instruction is an incomplete and incorrect definition of malice in omitting the words, "without just cause or excuse." On page 54 the court says:

**Malice.**

"We cannot escape the conclusion that this took away the element of just cause or excuse and permitted

the jury to assess exemplary damages for a mere wrong-
ful act. Therefore, the verdict and judgment, in so far
as same awards punitive damages, cannot be permitted
to stand. However, this would be curable by *remittitur*
if no other ground of reversal presents itself in the rec-
ord.''

No decision of this court sustaining this conclusion
is cited. In Callahan v. Caffarata, 39 Mo. 136, an instruc-
tion defining malice as ''a wrong act against a person
done intentionally,'' was approved. In State v. Weiners,
66 Mo. 13, HENRY, J., said: '' 'Malice is the intentional
doing of a wrongful act without just cause or excuse.'
This definition is open to verbal criticism, for the inten-
tional doing of a wrongful act is necessarily without just
cause or excuse, for otherwise it would not be a wrong-
ful act; so that these words are superfluous.''

In Minter v. Bradstreet, 174 Mo. 444, 496, MARSHALL,
J., said: ''Malice in legal understanding, implies no
more than wilfulness, that is, intentional.''

And in McNamara v. St. Louis Transit Co., 182 Mo.
676, 682, we said:

''For, if one intentionally does a wrongful act and
knows at the time that it is wrongful, then he does it
wantonly, by which word I understand is meant, cause-
lessly, without restraint and in reckless disregard of the
rights of others. When one intentionally commits a
wrong, he does it from an evil spirit and a bad motive.
Good motive or spirit does not impel the commission of
a wilful wrong.  .  .  .

''The term 'intentionally done' covers all that has
ever been or could be claimed as necessary to indicate
to the jury that the defendant knew it was wrong, knew
that he had no just cause or excuse for so doing, and
hence did it willfully, and wantonly and in reckless dis-
regard of the rights of the other party.''

No doubt many cases may be found in which, out of
caution, the words omitted in this instruction have been
used in instructions defining malice, but, as said by
Judge HENRY in the Weiners case, they are superfluous;

they add nothing to the meaning of the instruction. In fact, they might have a tendency to confuse. After a jury finds that a wrongful act was done intentionally, what would they understand by the additional requirement that they must also find it was done without just cause or excuse? An ordinarily intelligent jury would, no doubt, understand this was mere tautology and disregard it. The instruction properly defined malice without the addition of the words omitted.

II.  Commenting on the second instruction, the learned opinion says:

"It was our first impression that this instruction would pass muster. Upon reflection, however, we do not

Measure of Damages.

believe the trial can be approved and the verdict sustained with this instruction on the measure of damages given in this form. We have in mind the rule as laid in Browning v. Railroad, 124 Mo. 55, 27 S. W. 644, which is to the effect that in a civil case, absent a more specific request, a general instruction on the measure of damages, good in its general scope, is sufficient. We are mindful, too, that in a civil case the court is not required to instruct the jury unless requested to do so, and same may be submitted to the jury without any instruction at all. If no instruction had been asked by plaintiff on the measure of damages, and if none had been given on plaintiff's part, there could be no complaint, as defendants did not ask for such instruction. If this instruction is correct in its general scope, it was the duty of the defendants, if they desired a more specific instruction, to specially direct the jury's attention to the particular elements of damages. [Powell v. Railroad, 255 Mo. 420, 164 S. W. 628.]  .   .   .

"The present instruction does not direct the jury that the measure of damages for the property taken is the reasonable market value of the property, nor does it tell the jury that the measure of damages for the loss of profits is the reasonable value of the profits lost. The instruction simply says to the jury that it may assess

actual damages at such a sum as it may find and believe from the evidence was caused by defendants' unlawful acts. In no manner does this instruction give any guide or measure of damages.''

Relator's counsel very clearly puts the case as follows:

''If an instruction tells the jury to consider what they should not, it is misdirection, but if it only fails to tell the jury what it should not consider, it is but nondirection.

''We submit that the instruction under consideration in this case does not tell the jury one single thing other than that plaintiff is entitled to recover such sum as they found and believed from the evidence plaintiff was damaged by the wrongful acts of the defendants, if any, not exceeding $4,000 as actual damages. The instruction limited the jury to the evidence; it limited the jury to the damage caused by defendants' wrongful acts and limited the jury to the amount asked in the petition. It is not logical to condemn this instruction for failure to tell the jury enough and also admit that the jury need not be instructed at all.''

In Powell v. Railroad, 255 Mo. 420, 454, 164 S. W. 428, LAMM, J., thus disposed of a similar contention.

''Furthermore, and most of all, defendant below stood mute and asked no instruction on the measure of damages. It pitched its battle at other points. It exhausted its solicitude elsewhere and on other questions. It may not now, with its corporate heart bowed down with the woe of defeat, and its corporate eyes washed and brightened by the tears of affliction, elicit appellate interest in a matter it cared nothing about below. Browning v. Railroad, 124 Mo. 55, was in Banc. We copy as apposite the unanimous pronouncement of all the sitting brethren (pp. 71-72):

'' 'The instruction on the measure of damages is also assailed as error.

'' 'The instruction was in these words: "If the jury find for the plaintiff they will assess her damages at

such sum as in their judgment will be a fair and just compensation to her for the loss of her husband, not exceeding the sum of $5,000.''

'' 'The defendant asked no instruction on the measure of damages whatever. No attempt was made by it to point out the proper elements of damage in such cases or to modify the general language of the instruction.

'' 'The instruction is not erroneous in its general scope; and if, in the opinion of counsel for defendant, it was likely to be misunderstood by the jury, it was the duty of counsel to ask the modifications and explanations, in an instruction embodying its views.

'' 'The court is not required in a civil case to instruct on all questions, whether suggested or not, and as there is nothing in the amount of the verdict to indicate that the jury were actuated by any improper motive in their-assessment, the general nature of the instruction is no ground for reversal.' ''

Again, on page 456:

''Presumably the jury were intelligent and honest men and attentive to their oaths. [Shinn v. Railroad, 248 Mo. l. c. 182.] Certainly nothing in their verdict points to the contrary. If defendant feared that, forgetful of their oaths as juryman, they would wander into by and forbidden paths) of conjecture unless fenced in by more simple phraseology, or hedged about by limitations on the elements constituting the damages, it should have tried to help itself at the very time of need, to-wit, at the trial.''

The same ruling was made in State ex rel. v. Reynolds, 257 Mo. 19, 38, 165 S. W. 729; Waddell v. Railroad, 213 Mo. 8, and Hoover v. Railroad, 227 S. W. (Mo.) 77, 79, where many cases are cited in the opinion by RAILEY, C. The conclusion is that mere non-direction is not misdirection.

With all due deference to the opinion of the learned Court of Appeals, our conclusion is that its rulings in respect to the above-mentioned instruction are in con-

flict with the last controlling decisions of this court. Its judgment is therefore quashed. Railey C., concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.,* absent.